**KRISTIN K. MAYES**
**Attorney General**
(Firm State Bar No. 14000)

Joshua Bendor (Bar No. 031908)
Joshua Whitaker (Bar No. 032724)
William Durbin (Bar No. 036941)
Timothy Horley (Bar No. 038021)
Office of the Arizona Attorney General
2005 N. Central Avenue
Phoenix, AZ 85004-1592
(602) 542-3333
Joshua.Bendor@azag.gov
Joshua.Whitaker@azag.gov
William.Durbin@azag.gov
Timothy.Horley@azag.gov
ACL@azag.gov

*Attorneys for Defendant Arizona Attorney*
*General Kristin K. Mayes*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Florence Immigrant & Refugee Rights Project,<br><br>Plaintiff,<br><br>v.<br><br>Kris Mayes, et al.,<br><br>Defendants. | No. CV-26-04831-PHX-MTL<br><br>Hon. Michael T. Liburdi<br><br>**JOINT STATUS REPORT** |

Pursuant to the Court's Order of July 24, 2026 (Doc. 50), Plaintiff Florence Immigrant & Refugee Rights Project ("Florence Project") met and conferred with Defendant Attorney General Kris Mayes ("the Attorney General"), Intervenor-Defendants Senate President Warren Petersen and House Speaker Steve Montenegro ("the Legislative Leaders"), and the representative for the Defendants who have elected nominal status ("Nominal Defendants").[1]  The parties hereby submit the following joint report.

Given the agreement outlined below, the parties do not anticipate raising any issues with the Court at the status conference.  The parties believe no conference is needed.

### 1. General structure of further proceedings

The parties agree that the general structure of further proceedings should be as follows:

**First**, the Attorney General and the Legislative Leaders plan to **(1)** move to dismiss the Florence Project's complaint under Rule 12(b) and **(2)** respond to the Florence Project's pending motion for preliminary injunction.[2]  For simplicity, these filings should be simultaneous.[3]

**Second**, the Court should allow a short period of targeted fact discovery before the Attorney General and the Legislative Leaders move to dismiss and respond to the motion for preliminary injunction.  Discovery should focus on whether the Florence Project has standing, which may involve whether the statutes at issue have been enforced.[4]  The

---

[1] The Nominal Defendants are (1) the Director of the Department of Public Safety and (2) County Attorneys for Arizona's counties.  Their representative at the meet-and-confer was Joseph Branco, counsel for the Maricopa County Attorney.  *See* Doc. 53.

[2] The Court denied the Florence Project's motion for a temporary restraining order but has not yet ruled on the motion for preliminary injunction.

[3] The Attorney General's current deadline for a Rule 12(b) motion is September 8.  This is because the Attorney General waived service on July 10.  *See* Fed. R. Civ. P. 4(d)(3).

[4] The Attorney General and the Legislative Leaders anticipate moving to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1).  Such a motion "may be facial or factual."  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

1

Florence Project will also seek discovery from Nominal Defendant Department of Public Safety on those topics.

**Third**, if the short period of targeted fact discovery reveals information that, in the Florence Project's view, justifies amending its complaint or amending its motion for preliminary injunction, the Florence Project may do so.  If the amendments themselves reveal new information, the Attorney General and Legislative Leaders may seek limited supplemental discovery regarding such amendments.  Likewise, if the Florence Project learns of any enforcement under the challenged law over the course of the litigation, it may seek limited supplemental discovery regarding such enforcement.

**Fourth**, once the Rule 12(b) motions to dismiss and the motion for preliminary injunction are fully briefed, the Court should set a hearing on those motions.  This hearing might include live testimony and/or submission of deposition or declaration testimony— the parties do not know yet.  However, the parties would prefer not to consolidate this hearing with a trial on the merits, because doing so may add complexity and delay.

### 2. Proposed schedule and discovery details

More specifically, the parties propose the following:

#### a. Schedule

- The deadline for parties to complete their proposed short period of targeted fact discovery is **October 9, 2026**.  To ensure compliance:
  - Any written discovery shall be served by **August 28, 2026**.  Parties shall respond **within 28 days** unless good cause is affirmatively shown.
  - Any depositions shall start by **October 2, 2026**.
- The deadline for the Florence Project to amend its complaint or its motion for preliminary injunction is **October 16, 2026**.[5]

---

[5] If the Florence Project amends its complaint or its motion for preliminary injunction in a way that the Attorney General or the Legislative Leaders believes justifies limited supplemental discovery regarding such amendments, or if the Florence Project learns of enforcement that justifies limited supplemental discovery regarding such enforcement, then as soon as practicable, the parties must meet and confer and file a joint status report

- The deadline for the Attorney General and the Legislative Leaders to file Rule 12(b) motions to dismiss (or answers to the operative complaint) and responses to the motion for preliminary injunction is **October 30, 2026**. The Attorney General and the Legislative Leaders shall confer in good faith in advance of their filings to try to reduce duplication.

- The deadline for the Florence Project to respond to Rule 12(b) motions to dismiss and reply in support of its motion for preliminary injunction is **November 13, 2026**.

- The deadline for the Attorney General and the Legislative Leaders to reply in support of their Rule 12(b) motions to dismiss is **November 20, 2026**.

- The deadline for the parties to submit a joint report stating how much time they anticipate needing for a combined hearing on the pending motions, including whether they anticipate live testimony, is **November 20, 2026**.

**b. Discovery limits**

- To ensure that fact discovery at this stage remains short and targeted:

  o Discovery shall focus on whether the Florence Project has standing, which may involve whether the statutes at issue have been enforced. The Florence Project will also seek discovery from Nominal Defendant Department of Public Safety on those topics.

  o For purposes of the limited discovery, the Attorney General and Legislative Leaders shall constitute one side, and the Florence Project shall constitute the other side. Each *side* shall collectively serve no more than 10 *total* interrogatories, 10 *total* requests for admission, and 5 *total* requests for production, and shall collectively notice no more than 2 *total* depositions, unless good cause is affirmatively shown.

---

proposing how to proceed. One option may be to move back all subsequent deadlines by two weeks.

**3. How the Court should proceed with respect to the nominal parties that have not appeared in this action**

The named Defendants who have not yet entered appearances are the County Attorneys of Apache County and Greenlee County ("Absent Defendants").  Because they have not yet appeared, these Absent Defendants have not yet elected nominal status.

The Florence Project has effectuated service on the Absent Defendants.  Counsel for the Florence Project has also reached out to staff for Absent Defendants so that they may participate in this litigation.

The existing parties doubt that the outcome of this case will depend on the participation of Absent Defendants and therefore recommend that the Court continue with proceedings as proposed above.  The Court may wish to issue an Order to Show Cause directed to the Absent Defendants, which may prompt them to appear.

**4. Other relevant information from the parties**

The parties anticipate requesting the Court enter a protective order for discovery.

The Nominal Defendants propose the following accommodations for ease of administering this case going forward:

    a.  Not required to answer

    b.  Not required to attend August 11 status conference

    c.  Not required to appear at hearings unless the Court orders or any party requests

    d.  Standing permission from the Court to appear virtually (in lieu of in person), if an attorney for a Nominal Defendant wishes, is ordered, or is requested to appear

    e.  That Nominal Defendants' representative attend hearings in person and facilitate communication with Nominal Defendants

The parties further propose that the signature of the Nominal Defendants' representative is sufficient for any joint submission that includes the Nominal Defendants.

The parties also mention that they are in the early stages of exploring possible ways to resolve the case themselves in the interest of judicial economy.  If the parties determine that they are able to reach a resolution, they will promptly inform the Court.

RESPECTFULLY SUBMITTED this 5th day of August, 2026.

**KRISTIN K. MAYES**
**ATTORNEY GENERAL**


By  */s/ William Y. Durbin*
Joshua D. Bendor
Joshua M. Whitaker
William Y. Durbin
Timothy E. Horley
Office of the Arizona Attorney General
2005 N. Central Ave.
Phoenix, Arizona 85004

*Attorneys for Defendant Arizona Attorney General Kristin K. Mayes*

By */s/ Kathryn Huddleston (w/ permission)*
Kathryn Huddleston***
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION IMMIGRANTS' RIGHTS PROJECT**
915 15th Street NW, 7th Floor
Washington, D.C. 20005
T: (212) 549-2500
khuddleston@aclu.org

Grace Choi*
Omar Jadwat*
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION IMMIGRANTS' RIGHTS PROJECT**
125 Broad Street, 18th Floor
New York, NY 10004
T: (212) 549-2660
gchoi@aclu.org
ojadwat@aclu.org

*Attorneys for Plaintiff Florence Immigrant & Refugee Rights Project*

By */s/ John M. Mitchell (w/ permission)*
John M. Mitchell**
Tara DeGeorge
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF ARIZONA**
2712 North 7th Street
Phoenix, Arizona 85006
T: (602) 773-6007
jmitchell@acluaz.org
tdegeorge@acluaz.org

Cody Wofsy*
Hannah Steinberg*
Oscar Sarabia Roman*
**AMERICAN CIVIL LIBERTIES UNION FOUNDATION IMMIGRANTS' RIGHTS PROJECT**
425 California Street, 7th Floor
San Francisco, CA 94104
T: (415) 343-0770
cwofsy@aclu.org
hsteinberg@aclu.org
osarabia@aclu.org

5

By */s/ Brunn (Beau) W. Roysden III (w/ permission)*
Brunn (Beau) W. Roysden III
**CULPER LAW, PLLC**
111 W. Marshall Ave.
Phoenix, AZ 85013
(602) 315-7545
beau@culper.law

Kate B. Sawyer, No. 034264
Katlyn J. Divis, No. 035583
**FUSION LAW, PLLC**
7600 N. 15th St., Suite 150
Phoenix, Arizona 85020
(480) 624-5648
kbs@fusion.law
kd@fusion.law

*Attorneys for Intervenor-Defendants*
*President Petersen and*
*Speaker Montenegro*

By */s/ Joseph J. Branco (w/ permission)*
Joseph J. Branco
**MARICOPA COUNTY**
**ATTORNEY'S OFFICE**
CIVIL SERVICES DIVISION
225 West Madison Street
Phoenix, Arizona 85003
(602) 506-8541
brancoj@mcao.maricopa.gov
ca-civilmailbox@mcao.maricopa.gov

*Attorneys for Maricopa County*
*Defendants and as representative for*
*other Nominal Defendants*